```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

DELMUS ANTAWN ROGERS,

        Plaintiff,

v.                              Case No:  2:22-cv-81-JES-NPM

FORT MYERS POLICE DEPARTMENT, AMIRA D. FOX, State Attorney, TALLAHASSEE POLICE DEPARTMENT, STATE ATTORNEY'S OFFICE, and PUBLIC DEFENDER OFFICE,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Amended Complaint (Doc. #14) filed on April 8, 2022, in response to the Magistrate Judge's Order (Doc. #13) finding the Complaint (Doc. #1) failed to state a claim for relief and failed to invoke the Court's jurisdiction. The Court finds that the Amended Complaint remains deficient.

### I.   Amended Complaint

Delmus Antawn Rogers (plaintiff) completed a form Amended Complaint that states that the place and date of occurrence is "due cause equal protection". Under "State which of your federal constitutional or federal statutory rights have been violated", plaintiff states "ECT AL IN THIS CLAIM".

Plaintiff goes on to describe sections of the United States Constitution and the dates of ratification for three pages. For relief, plaintiff states:

> In which such acts, records, and proceeding shall be proved and effect thereof. Section 2. The citizens of each state shall be entitled to all privileges and immunities of citizens in the several state . . . . Article VI. All debts contracted and engagements enteded [sic] into before the adoption of thes [sic] Constitution shall be as valid against the United States under this Constitution. Elements grounded due clause due process as under the Confederation. Amendment 1, Congress shall make no law respecting and establishment . . . or religion, or prohibiting the free exercise thereof; or a bridging the freedom of speech, or the press, or the right bail shall not be required nor excessive fines imposed, nor cruel and unusual punishment inflicted Amendment IX, the enumberation [sic] the Constitution, of certain rights shall not be construed to deny or disparage other retained by the people, Amendment XII, passed by Congress Jan 31, 1865, ratified Dec. 6 1865 note a portion of Article IV. . . .

(Doc. #14, pp. 5-6.) The allegations appear to be for treason, or as plaintiff describes it, "double jeopardy treason" and defendants are described as "due clause equal protection". Plaintiff attached additional hand-written pages that appear to request an injunction. (Doc. #14-2, pp. 1-45.) Plaintiff goes on to hand-write rules and miscellaneous citations, including on a Fort Myers Police Department Internal Affairs Citizen Complaint Form, responses from Fort Myers Police Department Internal

Affairs, a response from the United States Department of Justice Civil Rights Division, and responses by the State of Florida Judicial Qualifications Commission. (Doc. #14-2, pp. 35-59, 68-210.)

## II.  Standard of Review

The Court may dismiss a complaint pursuant to Rule 12(b)(6) if it fails to contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon [v. King & Spalding, 467 U.S. 69, 73 (1984)], a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted). A

"shotgun pleading" where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with that standard. See Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996).

Rule 10 of the Federal Rules further provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Rules 8 and 10 work together and "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). If the Court concludes that a plaintiff's complaint does not meet the requirements of Rule 8(a) or 10(b), it may dismiss the complaint *sua sponte* for failure to state a claim. Driessen ex rel. B.O. v. Florida Dep't of Children & Families, No. 09-13149, 2009 WL 3471302 *1 (11th Cir. 2009) (affirming district court's sua sponte dismissal under Rule 8(a) for failure to state a claim).

Pro se complaints are held to less stringent standards than

4

formal pleadings drafted by lawyers. Nevertheless, pro se litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. Analysis

Even liberally construed, plaintiff's Amended Complaint is confusing, incoherent, and unintelligible. There are no facts stated in support of any kind of claim against any of the defendants, and no allegations articulated against each of the defendants. Plaintiff fails to state a claim against any defendant that is remotely plausible on its face. Fed. R. Civ. P. 12(b)(6); Iqbal, 556 U.S. at 678.

The Amended Complaint is a shotgun pleading in two ways: (1) "the sin of not separating into a different count each cause of action or claim for relief" and (2) "the relatively rare sin of

asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1322-1323 (11th Cir. 2015).

The Court notes that the construed motion for an injunction includes an Order Dismissing Complaint and Pleadings (Doc. #3, p. 43) issued by the Lee County Circuit Court on December 8, 2021, dismissing a complaint noting that competency proceedings are pending and that "Defendant" may be incompetent.

### IV.  Conclusion

Setting aside plaintiff's failure to file a complete form to proceed *in forma pauperis* or pay the filing fee, the Court finds that Plaintiff's pleading does not provide defendants with fair notice of the wrongs they have allegedly committed, and they are dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure.  The Court additionally finds that plaintiff does not state a claim upon which relief may be granted.  Amendment will not be permitted as it is apparent from Plaintiff's pleadings that granting leave to amend would be futile. Mitchell v. Thompson, 564 F. App'x 452, 456 (11th Cir. 2014) (affirming denial of pro se plaintiff's motion for leave to amend based on futility of amendment); Trevino v. Florida, 687 F. App'x 861, 862 (11th Cir. 2017) (affirming district court's sua sponte dismissal of

sovereign citizen's complaint as frivolous, without leave to amend). It is not clear that plaintiff could amend to submit a comprehensible claim for relief.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Amended Complaint (Doc. #14) is dismissed without prejudice for failure to state a claim.
2. Plaintiff's construed motion for an injunction (Doc. #3) is **DENIED** as moot.
3. The Clerk shall enter judgment, terminate all deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of May 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:

Plaintiff

7